**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**JAMES WILLIAMS,**

    **Plaintiff,**

v.                                             Case No. 8:10-cv-452-T-33TBM

**ECKERD YOUTH
CHALLENGE PROGRAM,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

THIS MATTER is before the court on the *pro se* **Plaintiff's Affidavit of Indigency** (Doc. 2), which the court construes as a motion to proceed *in forma pauperis*. Plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which provides in pertinent part:

> Any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that he is entitled to redress.

28 U.S.C. § 1915(a). As a threshold matter, however, the court must determine whether Plaintiff's Complaint (Doc. 1) fails to state a cause of action or is frivolous and therefore subject to dismissal. *See* Fed. R. Civ. P. 8; 28 U.S.C. § 1915.

Rule 8 of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This

requirement ensures that the defendant is given fair notice of what the claim is and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations set forth in the complaint must be sufficient to raise a right to relief above the speculative level on the assumption that all the allegations are true. *Id.*

28 U.S.C. § 1915 provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(I), (ii). This provision accords judges the authority "to dismiss a claim based on an indisputably meritless legal theory" or "those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002). In other words, an action may be dismissed as frivolous when the plaintiff "has little or no chance of success," *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (citing *Harris v. Menendez*, 817 F.2d 737, 740 (11th Cir. 1987)) or the "plaintiff's realistic chances of ultimate success are slight." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quoting *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir. 1990)).

A district court's authority to dismiss a complaint as frivolous under § 1915(e) is broader than dismissal under Rule 12 of the Federal Rules of Civil Procedure. *Sun*, 939 F.2d at 925 (citing *Menendez*, 817 F.2d at 739-40). However, the court should construe *pro se* pleadings liberally and hold them to a less stringent standard than pleadings drafted by

attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998)). Nonetheless, *pro se* litigants must follow the procedural rules, and the court is not required to rewrite a deficient pleading. *GJR Invs., Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998).

Upon consideration, even though the court construes the Complaint liberally in Plaintiff's favor, Plaintiff's allegations fail to clearly state a cause of action entitling him to relief and should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's Complaint sets forth disjointed, nearly incoherent allegations. Plaintiff asserts that he was told by the E.E.O.C. Director that attendance was the basis for his termination. Plaintiff urges that his work schedules demonstrate that attendance was never an issue and could not be the reason for his termination. He further complains that he was called to the supervisor's office 7 times within an hour. His Complaint concludes that he was "harassed, retaliated against, wrongfully terminated and discriminated against." (Doc. 1 at 1). In support of his position, he files a rambling list of questions, a letter he writes in response to accusations of failing to document an incident of alleged sexual assault among youths involved in the program, documents associated with his E.E.O.C. filings, and records in connection with his employment with Eckerd Youth Alternatives, Inc. *See* (Docs. 1-1 through 1-6; 6).[1] While

---

[1] Plaintiff has also sought to file documents regarding a worker's compensation claim, associated medical records, and Charge of Discrimination against Wal-Mart Stores, Inc., as well as a Charge of Discrimination against Davey Tree Expert Company. Because these documents appear unrelated to the instant suit and raise privacy issues, the Clerk is hereby directed to return the same to Plaintiff. The documents related to Plaintiff's performance, payments, and E.E.O.C. records pertaining to his employment with Wal-Mart (Doc. 5) again appear completely unrelated and further contain personal information that should not be in the public record and are hereby stricken. Thus, the Clerk is directed to strike and delete Doc. 5.

3

Plaintiff's allegations, when read in conjunction with the exhibits related to this employment, attempt to state a claim for discrimination, harassment, and/or retaliation, he simply does not set forth a short and plain statement of any such claim showing that he is entitled to relief on any of these claims.[2]

For these reasons, I recommend that the court **DISMISS** Plaintiff's Complaint (Doc. 1) and **DENY without prejudice** Plaintiff's motion to proceed *in forma pauperis* (Doc. 2). It is further recommended that the court direct the Plaintiff to file an Amended Complaint consistent with the pleading requirements of the Federal Rules of Civil Procedure within twenty days of the court's Order, failing which may result in a dismissal of the action without further notice.

> Respectfully submitted on this
> 27th day of April 2010.
>
> THOMAS B. McCOUN III
> UNITED STATES MAGISTRATE JUDGE

---

[2] By way of example, Plaintiff's Complaint fails to allege elements of any of the various causes of action he attempts to assert. Under Title VII, in order to establish a prima facie case of race discrimination, a plaintiff must show (1) he is a member of a protected class; (2) he suffered an adverse job action; (3) his employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to perform his job. *See Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997). To establish a prima facie case of retaliation, a plaintiff must show (1) that he engaged in statutorily protected expression, (2) he suffered an adverse employment action, and (3) the adverse employment action was causally related to his protected activities. 42 U.S.C. § 2000e-3(a); *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008).

**<u>NOTICE TO PARTIES</u>**

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6; M.D. Fla. R. 4.20.


Copies to:
The Honorable Virginia M. Hernandez Covington, United States District Judge
*Pro se* Plaintiff