```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           TAMPA DIVISION
```

JAMES WILLIAMS,

       Plaintiff,

v.                                CASE NO:   8:10-cv-452-T-33TBM

ECKERD YOUTH CHALLENGE PROGRAM,

       Defendant.
_____/

## ORDER

This cause comes before the Court on consideration of Defendant Eckerd Youth Challenge Program's Motion to Dismiss Second Amended Complaint, or in the Alternative, Motion to Quash (Doc. # 17).  Plaintiff James Williams filed a response thereto (Doc. # 26).  The Court notes, however, that Williams' response only addresses the issues relating to service of process and does not address any of the substantive issues regarding the merits of his claims.

Eckerd Youth argues that Williams' service of summons and subpoena was defective because he failed to comply with Rules 4 and 45 of the Federal Rules of Civil Procedure.  Assuming that the defective service of process is curable and the Court would grant Williams leave to perfect service, the Court will only address Eckerd Youth's motion as directed to the merits of Williams' claims.

Williams' Second Amended Complaint (Doc. # 16) alleges, *inter alia*, discrimination and harassment related to his employment with Eckerd Youth. Eckerd Youth argues that Williams has failed to state a claim under Title VII as Williams' claims are time barred. The attachments to Williams' complaint clearly establish that he received a right to sue letter from the Equal Employment Opportunity Commission (EEOC) issued on September 21, 2009. Although Williams requested reconsideration of that decision, he nevertheless failed to institute this lawsuit (filed February 17, 2010) until well after the expiration of the 90-day period for filing suit as required by 42 U.S.C. § 2000e(5)(f)(1). Furthermore, Williams' submissions reveal no facts upon which he could invoke the doctrine of equitable tolling to justify the late filing of his complaint. See Goldsmith v. City of Atmore, 996 F.2d 1155, 1161 (11th Cir. 1993).

Accordingly, because the bar of the statute of limitations is apparent from the face of Williams' complaint and its attachments and because the record does not justify the invocation of the doctrine of equitable tolling, Eckerd Youth's motion is due to be granted.[1]

---

[1] In its analysis, the Court has been mindful of the proposition that "[p]ro se pleadings are held to a less

2

To the extent that Williams attempts to allege claims for hostile work environment, employment discrimination under the Americans with Disabilities Act (ADA), a claim for "Defendant conceal[ing] evidence" or a claim under the Fair Labor Standards Act (FLSA), these claims likewise fail. Williams fails to allege any facts to support any of the elements of a claim for hostile work environment. Furthermore, this claim is barred because Williams did not exhaust his administrative remedies with regard to a hostile work environment claim. See Gregory v. Georgia Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004)(A plaintiff's judicial complaint is limited by the scope of the EEOC investigation that "can reasonably be expected to grow out of the charge of discrimination."). Williams' EEOC charge did not allege facts to support a hostile work environment claim. (Doc. # 1, Exh. 3). Even if the EEOC charge did allege such facts, the claim would be time barred for the reasons stated above.

As for Williams' ADA claim, Williams alleges only that he was under a physician's care at the time of his termination. This alone is not enough to state a claim under the ADA. See

---

stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006).

Gordon v. E.L. Hamm & Assoc., Inc., 100 F.3d 907, 911 (11th Cir. 1996), cert. denied, 522 U.S. 1030 (1997)(holding that merely having a physical impairment is insufficient to be covered by the ADA). Williams has not alleged that he is disabled or that his termination was the result of any discrimination based on a disability. Like the hostile work environment claim, Williams has failed to exhaust his administrative remedies under the ADA. Williams' EEOC charge makes no mention of any disability or any claim under the ADA. And, again, had an ADA claim been asserted in the EEOC charge, Williams' action would have been time-barred for the reasons discussed above.

In paragraph 12 of the Second Amended Complaint, Williams alleges "Defendant concealed evidence" but does not indicate to what evidence he is referring or how this is relevant to any of his claims. Finally, in paragraph 13 of the Second Amended Complaint, Williams alleges that Eckerd Youth "always was short staffed, which led to Plaintiff being pressured into additional overtime." In the first paragraph of the Second Amended Complaint, Williams refers to the FLSA. This alone does not state a claim for relief under the FLSA as Williams does not allege any facts to support such a claim.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

1. Defendant Eckerd Youth's Motion to Dismiss Second Amended Complaint (Doc. # 17) is **GRANTED.**

2. This case is dismissed.

3. The Clerk is directed to terminate all pending motions, to enter judgment for Defendant Eckerd Youth and to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>12th</u> day of November, 2010.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Parties and Counsel of Record

5